IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL REDDING,

    Plaintiff,

v.                                        CASE NO. 4:13-cv-408-RH-GRJ

CATHY SIMCOX, et al.,

    Defendants.

_____/

## **ORDER**

    Plaintiff, a Florida Department of Corrections (DOC) inmate, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1) and has been granted leave to proceed as a pauper (Doc. 4). Plaintiff alleges that he received inadequate medical care and improper medication while incarcerated at Taylor C.I. Plaintiff's allegations are difficult to decipher, but at various points in the complaint, he alleges the following: he was denied access to sick call; he was given asthma medication but does not suffer from asthma; he was refused treatment; his treatment was delayed for several months; and the Chief Medical Officer refused to see him–he was only seen by a nurse practitioner. Plaintiff's conditions–unexplained weight loss and a swelling in his throat area–were apparently treated with medication and he was placed on a 4,000-calorie per day diet. Plaintiff seeks monetary damages. (Doc. 1.)

    Plaintiff will be afforded an opportunity to amend his complaint to state with specificity what his claims are, keeping in mind the following: In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel

and unusual punishment. To establish an Eighth Amendment violation stemming from the deprivation of medical attention, the prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A claim that a prisoner has been deprived of medical attention requires that the prisoner demonstrate (1) "an objectively serious medical need," so grave that, "if left unattended, poses a substantial risk of serious harm," and (2) that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000).

Generally, an inmate who receives a medical diagnosis and care, but desires a different diagnosis or treatment, cannot show deliberate indifference. *Hamm v. DeKalb County*, 774 f.2d 1567, 1575 (11th Cir. 1985); *Harris v. Thigpen*, 941 F.2d 1495, 1505 (11th Cir.1991)*; see also Adams v. Poag*, 61 F.3d 1537, 1545 (11th Cir. 1995) ("[A]s *Estelle* teaches, the question of whether governmental actors should have employed additional diagnostic techniques or forms of treatment is a 'classic example of a matter for medical judgment' and therefore not an appropriate basis for grounding liability under the Eighth Amendment.") (quoting *Estelle* 429 U.S. at 107)); *Waldrop v. Evans*, 871 F.2d 1030, 1033 (11th Cir. 1989) ("'[W]e disavow any attempt to second-guess the propriety or adequacy of a particular course of treatment. Along with all other aspects of health care, this remains a question of sound professional judgment.'") ( quoting *Bowring v. Godwin*, 551 F.2d 44, 48 (4th Cir. 1977)); Chance *v. Armstrong*, 143 F.3d 698, 703 (2d Cir.1998) ( "[i]t is well-established that mere disagreement over the proper

treatment does not create a constitutional claim. So long as the treatment given is adequate, the fact that a prisoner might prefer a different treatment does not give rise to an Eighth Amendment violation."); *Jackson v. Fair*, 846 F.2d 811, 817 (1st Cir.1988) ("Although the Constitution does require that prisoners be provided with a certain minimum level of medical treatment, it does not guarantee to a prisoner the treatment of his choice.").

Here, it appears that Plaintiff did receive a medical diagnosis and care, but desires a different diagnosis or treatment. To the extent Plaintiff contends that he is entitled to treatment directly from the Chief Medical Officer rather than a nurse or nurse practitioner, this claim is without merit and does not rise to the level of a constitutional violation. To the extent Plaintiff alleges that treatment was withheld or delayed and this resulted in harm to him, he should clearly and concisely set forth any facts supporting these claims in his amended complaint.

Accordingly, it is **ORDERED** that:

1. The Clerk is directed to send Plaintiff a blank civil rights complaint form.

2. Plaintiff shall fully complete the complaint form. In amending his complaint, Plaintiff shall not refer back to the original complaint or incorporate any part of that complaints by reference. Plaintiff shall file the first amended complaint, together with an identical copy for each Defendant, **on or before October 9, 2013.**

3. Failure to comply with this order within the allotted time, or to show cause why Plaintiff is unable to comply, will result in a recommendation to the district judge that the case be dismissed without further notice for failure to prosecute or for failure to state a claim.

**DONE AND ORDERED** this 9th day of September 2013.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge