IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL REDDING,

    Plaintiff,

v.                                                        CASE NO. 4:13-cv-408-RH-GRJ

CATHY SIMCOX, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Plaintiff, a Florida Department of Corrections (DOC) inmate, initiated this case by filing a complaint pursuant to 42 U.S.C. § 1983 (Doc. 1)–which he subsequently amended at the direction of the Court (Doc. 9)–and has been granted leave to proceed as a pauper (Doc. 4). Plaintiff alleges that he received inadequate medical care and improper medication while incarcerated at Taylor C.I. Plaintiff's allegations are difficult to decipher, but at various points in the complaint, he alleges the following: he was denied access to sick call; he was given asthma medication but does not suffer from asthma; he was refused treatment; his treatment was delayed for several months; and the Chief Medical Officer refused to see him–he was only seen by a nurse practitioner. Plaintiff's conditions–unexplained weight loss and a swelling in his throat area–were apparently treated with medication and he was placed on a 4,000-calorie per day diet. Plaintiff seeks monetary damages. (Doc. 10.)

### Standard of Review

Pursuant to 28 U.S.C. § 1915A(a), a federal court must screen prisoner complaints which seek redress from a governmental entity or officer or employee of

such an entity. Section 1915A(b) requires the court to dismiss a prisoner complaint that is frivolous, malicious, fails to state a claim, or seeks monetary relief from an immune defendant.

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa County*, 50 F.3d 1579, 1582 (11th Cir.1995). To state a claim for relief under Title II of the ADA, a plaintiff must allege that (1) he is a "qualified individual with a disability," (2) he was "excluded from participation in or . . . denied the benefit of the services, programs, or activities of a public entity," or otherwise "discriminated [against] by such an entity," (3) "by reason of such disability." 42 U.S.C. § 12132. The ADA's protections against discrimination apply to state prison inmates. *See, e.g., Pennsylvania Dep't of Corr. v. Yeskey*, 524 U.S. 206, 212 (1998).

If a litigant cannot state a claim or fails to provide factual allegations in support of the claims, then the complaint is subject to dismissal. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (noting that "[f]actual allegations must be enough to raise a right to relief above the speculative level," and complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action"); *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1951-53 (2009) (*Twombly* "expounded the pleading standard for all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line

from conceivable to plausible.").

### Claims against Warden McCallum

Plaintiff has failed to state a claim for relief against Warden McCallum. Plaintiff's only allegation against Warden David McCallum is that he refused to see Plaintiff regarding his medical condition and denied and/or referred review of Plaintiff's grievances to the Chief Health Officer. (Doc. 10.) "[D]enial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983." *Gallagher v. Shelton*, 587 F.3d 1063, 1069 (10th Cir. 2009). Plaintiff makes no factual allegations suggesting that Warden McCallum had any personal participation in the alleged violation of Plaintiff's civil rights sufficient to trigger liability under §1983.[1]

### Conclusion

In view of the foregoing, it is respectfully **RECOMMENDED** that the § 1983 claims against Defendant McCallum be **DISMISSED** for failure to state a claim.

**IN CHAMBERS** in Gainesville, Florida, on the 8th day of November 2013.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

---

[1] "[S]upervisors are liable under [section] 1983 'either when the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" Myers v. Bowman, 713 F.3d 1319, 1328 (11th Cir. 2013) (quoting Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010)).

## NOTICE TO THE PARTIES

**Pursuant to Fed. R. Civ. P. 72(b)(2), a party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**