IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

NATHANIEL REDDING,

    Plaintiff,

v.                                                      CASE NO. 4:13-cv-408-RH-GRJ

CATHY SIMCOX, et al.,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

    Plaintiff is a prisoner proceeding *pro se* and *in forma pauperis*, alleging civil rights violations by various officials at Taylor C.I. (Doc. 10.) On November 8, 2013, the Court directed service on Plaintiff's behalf as to several defendants, including Defendant Patricia Kalu. (Doc. 12.) On December 23, 2013, the summons for Defendant Kalu was returned unexecuted, with a note that she no longer works for the Department of Corrections (DOC). (Docs. 13.) The Court directed the DOC to provide the United States Marshals Service (USMS), in confidence, with the last known address of Defendant Kalu. (Doc. 17.) The DOC subsequently notified the Court that it was providing the USMS with Defendant Kalu''s last known address. (Doc. 20.) The USMS once again attempted service, but on February 11, 2014, notified the Court that personal service at the confidential forwarding address provided by the DOC was attempted, but the U.S. Marshal certified that he was unable to locate Defendant Kalu. (Doc. 23.)

    On March 4, 2014, the Court directed Plaintiff to provide an address for

Defendant Kalu so that service could be attempted again.  (Doc. 28.)  Plaintiff was given a April 3, 2014 deadline to provide the Court with an address for Defendant Hadley, and was warned that failure to comply with the Court's Order would result in a recommendation that the case be dismissed as to Defendant Kalu.

In his response to the Court's Order, Plaintiff states that he has been unable to locate Defendant Kalu and does not have the resources to find her.  Plaintiff argues that it is an injustice to dismiss Defendant Kalu even though Plaintiff has failed to provide the Court with an address for her.  (Doc. 29.)  Defendant Kalu has still not been served.

Fed. R. Civ. P 4(m) provides that "if service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff shall dismiss the action without prejudice as to that defendant or order that service be made within a specified time."  Plaintiff appears to have provided his complaint to prison officials for mailing on July 18, 2013 (Doc. 1), and the 120-day deadline has long since passed.

Accordingly, it is respectfully **RECOMMENDED** that Plaintiff's claims against Defendant Kalu be dismissed for failure to timely serve this Defendant pursuant to Fed. R. Civ. P. 4(m).

**IN CHAMBERS**, at Gainesville, Florida, this 19th day of March 2014.

*s/ Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

      **A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation.  A party may respond to another party's objections within 14 days after being served with a copy thereof.  Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**